IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JARMAIN MERRITT,                )
                                )
        Plaintiff,               )
                                )
vs.                             )   CIVIL NO. 08-cv-275-GPM
                                )
LIEUTENANT BRADLEY, *et al.*,    )
                                )
        Defendants.              )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who was an inmate in the Pinckneyville Correctional Center, brings this action under 42 U.S.C. § 1983. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## I. BACKGROUND.

On March 1, 2006, Plaintiff saw Inmate Sims assault Inmate Nichols; Defendant Doe #1

intervened. Less than two hours later, when inmates were released to their classes, Sims again assaulted Nichols; this time, Defendants Doe #1 and Doe #2 intervened. At dinnertime that same day, Sims once again threatened Nichols. Plaintiff attempted to diffuse the situation, but no good deed goes unpunished; Sims punched him in the face. Plaintiff reported the assault to Defendants Doe #3 and Doe #4, who sent him on to dinner after Sims said he was "only playing" with Plaintiff. Plaintiff and Nichols walked toward the chow hall, when Sims assaulted Plaintiff. Plaintiff defended himself, and the altercation ended when Sims fell through a window. Plaintiff later received a disciplinary ticket for fighting and was punished with nine months in segregation, nine months at C-grade, and partial restitution for the broken window.

Plaintiff was taken to the medical unit, where he was examined by Defendant Nurse Jane Doe. He told her his back felt broken, but she told him he only had a few scratches. He asked to see a doctor and requested pain medication, but she denied his requests. Plaintiff alleges that for the several months he remained in segregation at Pinckneyville, he did not receive any further medical treatment for his injuries or pain.

## II. ANALYSIS.

Plaintiff first alleges that Defendants, Doe #1, #2, #3 and #4, were aware of Sims's assaultive behavior earlier that day, yet they failed to prevent the assault on him by Sims, in violation of his rights under the Eighth Amendment. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show

that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

In this case, Plaintiff clearly states that the earlier incidents involved Nichols and Sims. The fact that Doe #1 and Doe #2 were aware of those earlier incidents does not suggest that they were aware of any threat to Plaintiff by Sims, and Plaintiff doesn't allege he had a history of conflict with Sims. Plaintiff's problems with Sims began at dinner, when Plaintiff attempted to intervene in a developing situation between Nichols and Sims. Nothing in the complaint suggests that Defendants had reason to suspect that Plaintiff was in danger from Sims at that time. From the allegations in the complaint, as well as in the summary of the incident contained in the disciplinary ticket (Exhibit A, Doc. 1 pp. 17-18), it appears that the situation escalated quickly, again not something that Defendants could have reasonably anticipated. It is clear to the Court that this incident was a "random act of violence" that is an unfortunate repercussion of life in prison. Plaintiff has failed to state a viable Eighth Amendment claim against any of these Defendants, and they are dismissed from this action with prejudice.

Plaintiff also claims that, in writing the disciplinary ticket, Defendant Bradley failed to mention Sims's assaultive behavior earlier in the day. This doesn't matter, however, because Plaintiff hasn't challenged the disciplinary action taken against him for his part in this incident. Plaintiff has failed to state a claim against Bradley, and he must be dismissed at this time.

Plaintiff next alleges that Defendant Jane Doe failed to provide him with any medical treatment for his pain and injuries.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). The allegations against this defendant are sketchy. But the bigger problem is that Plaintiff has failed to identify her in any way such that service upon her can be made. This incident happened almost three years ago; the lawsuit has been on file for more than ten months. Plaintiff has failed to submit anything that identifies this individual. Accordingly, the claims against her are dismissed.

### III. Conclusion.

In light of the foregoing, this action does not survive review under 28 U.S.C. § 1915A, and

this action is **DISMISSED with prejudice**. Plaintiff is advised that, within the Seventh Circuit, this dismissal counts as a strike for purposes of § 1915(g). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 2/19/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge